In the Matter of GEORGE KERN, as Executor and Trustee under the Will of PEARL H. WILLEY, Deceased, Appellant, against STATE TAX COMMISSION, Respondent.

Third Department, July 10, 1956.

282

*Irving I. Waxman* and *Sydney R. Rubin* for appellant.

*Mortimer M. Kassell* and *Miriam Wernick* for respondent.

HALPERN, J. This case presents the question of the construction and application of section 249-aa of the Tax Law, governing the making of refunds of estate taxes. The controversy grows out of the following facts: The testatrix died on October 29, 1946. On April 28, 1947 the petitioner voluntarily made a prepayment of estate taxes in the amount of $16,000, on the basis of the petitioner's own estimate, to secure the benefit of the 5% prepayment discount provided in section 249-z of the Tax Law. Subsequently, on October 18, 1948 the Surrogate of Livingston County made an order determining the amount of the estate tax to be $16,283.07. A few weeks later, it was discovered that an error had been made in the valuation of certain bonds held by the estate and, without any formal motion and upon the consent of both parties, a new order was entered on December 13, 1948 determining the estate tax to be $16,342.97, which was $59.90 more than the amount determined by the order of October 18. While the order of December 13 was headed " AMENDED ORDER ", there was no reference in it to the earlier order; the text of the order did not purport to modify or amend any earlier order. The parties simply disregarded the earlier order and had the new order entered as if it were the only taxing order in the case. The 5% discount was computed upon the tax in the amount of $16,342.97, as shown by the order of December 13, 1948 the discount being allowed upon the amount of $59.90, by which the tax had been increased by that order, as well as upon the amount of $16,283.07, as shown by the order of October 18, 1948. Since it appeared that the petitioner's voluntary payment had been in excess of the net tax remaining after the credit of the discount, the respondent in due course refunded the amount of the excess payment.

Subsequently, it was discovered that there had been other errors in the valuation of the assets of the estate and in the computation of deductions and that both the Federal and State estate taxes had been overpaid in a substantial amount. A claim was first filed for a refund of the overpayment of the Federal estate tax and, after a period of several months, a refund was

made by the Federal Government. Thereafter, on December 7, 1950 the petitioner made a motion in the Surrogate's Court of Livingston County for a modification of the taxing order of December 13, 1948. The motion was opposed and, after a delay of several years, partly due to the fact that the Surrogate who had originally heard the motion had died before deciding it and the matter had had to be resubmitted to his successor, a decision was handed down granting the petitioner's motion and an order was accordingly entered on January 6, 1955 modifying the taxing order of December 13, 1948 and fixing the estate tax at an amount which was $2,890.20 less than the amount which had been fixed by the taxing order.

Notwithstanding this order, the State Tax Commission refused to refund the amount of the overpayment, on two grounds: (1) that the application for modification had not been made within two years from the date of the entry of the order fixing the tax (which the commission claimed to be the order of October 18, 1948) and the claim for refund was therefore barred under the first paragraph of section 249-aa; (2) that, in any event, in a case in which taxes have been prepaid, the second paragraph of section 249-aa is solely controlling and that under that paragraph no refund can be made of any part of the tax specified in the taxing order, even if the order is later found to be erroneous.

The petitioner then brought this proceeding under article 78 of the Civil Practice Act to annul the State Tax Commission's determination.

The text of section 249-aa, so far as here relevant, is as follows:

" § 249-aa. Refund of tax erroneously paid. If after the payment of any tax in pursuance of an order fixing such tax, made by the surrogate having jurisdiction, such order be modified or reversed by the surrogate having jurisdiction within two years from and after the date of entry of the order fixing the tax, or be modified or reversed at any time on an appeal taken therefrom within the time allowed by law on due notice to the tax commission, the tax commission with the approval of the comptroller shall refund to the executor the amount of any moneys paid or deposited on account of such tax in excess of the amount of the tax fixed by the order modified or reversed, out of the funds in the custody of the comptroller to the credit of such taxes; but no application for such refund shall be made after one year from such reversal or modification, unless an appeal shall be taken therefrom * * *.

'' Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid, the tax commission, with the approval of the comptroller, shall refund to the persons entitled thereto the amount so paid in excess of the amount of tax fixed by the taxing order, out of funds in the custody of the comptroller to the credit of such taxes, provided application for such refund be filed with the tax commission within one year from the entry of such taxing order.''

The Special Term dismissed the proceeding upon the ground that more than two years had elapsed between the date of the taxing order (whether it was the order of October 18 or December 13, 1948) and the date of the modification order. It is conceded that the order of dismissal cannot be sustained upon that ground. It is settled that it is the time when the application for modification is made, and not the time when the order is entered, which is controlling (*Matter of Troescher*, 291 N. Y. 760).

The application for modification was made on December 7, 1950. This was within two years of December 13, 1948 but it was more than two years after October 18, 1948. The crucial question therefore is whether the order of October 18 or of December 13 was the '' order fixing the tax '' within the meaning of the first paragraph of section 249-aa.

The commission's counsel argues that the order of October 18, 1948 must be treated as the original taxing order since it was the first taxing order entered in the case. It is undoubtedly true, as the commission's counsel argues, that the two-year period begins to run upon the entry of the original taxing order; otherwise, repeated motions for modification could be made, each within two years after the last preceding modification order, and the time for applying for refunds would, in effect, never end. However, the circumstances in this case are rather unusual. The order of October 18, upon which the State Tax Commission now relies, was concededly erroneous and was treated by all the parties as if it were nonexistent. As appears above, a completely new taxing order was entered on December 13, 1948 containing no reference whatever to the preceding order, and the December 13 order has been at all times treated as the only operative taxing order in the case.

In the proceeding before the Surrogate for the modification of the taxing order, no claim was advanced by the State Tax Commission that the original taxing order was the order of October 18, rather than the order of December 13, 1948. The

October 18 order was not mentioned in the proceeding before the Surrogate. In his decision, the Surrogate referred to the fact that " the original taxing order of the Surrogate " had been " rendered on December 13, 1948 " and he held that the application for modification had been made in time " within the two year provision of Section 249-aa ". No appeal was taken from the order entered on the Surrogate's decision. It may well be that the failure of the commission to assert its claim as to the effect of the October 18 order before the Surrogate does not foreclose it from raising the point now but the commission's conduct before the Surrogate clearly indicates that the commission itself regarded the December 13 order as the original taxing order.

In these special circumstances, we believe that it can properly be held that the order of December 13, 1948 was the " order fixing the tax " within the meaning of the first paragraph of section 249-aa and that the two-year period commenced to run on the date of the entry of that order. This holding cannot become a troublesome precedent in the administration of the estate tax law, since it is applicable only in an unusual situation, which is not likely to recur, in which two original taxing orders were entered with the consent of the State Tax Commission, without reference to each other, and the second order was treated as the only operative one.

The remaining contention of the State is based upon the second paragraph of section 249-aa. That paragraph provides for the refunding of the difference between the amount of the tax voluntarily prepaid before the entry of the taxing order and the amount of the tax fixed by the taxing order, but that provision has nothing to do with this case. The amount of the excess of the voluntary prepayment was duly refunded by the commission in 1949, within six months of the determination of the amount of the tax by the taxing order of December 13, 1948. The second paragraph of the section has nothing to do with an application for modification of the taxing order and the seeking of a refund upon the basis of the modification. That is governed solely by the first paragraph of the section which is discussed above.

The State Tax Commission argues that, since the first paragraph opens with the words " If after the payment of any tax in pursuance of an order fixing such tax " and the second paragraph opens with the words " Where it appears that a tax was paid before the entry of a taxing order ", the first paragraph is applicable only where the tax is paid subsequent to the

entry of a taxing order and that cases of voluntary prepayment are governed solely by the second paragraph. This would leave those who had made a voluntary prepayment without any remedy whatever, if the taxing order entered were subsequently found to be erroneous, even if the error was discovered within a day, a week or a month of the entry of the taxing order. This construction of the statute does not commend itself to us as a reasonable one. The counsel for the State Tax Commission recognizes that the construction for which he argues produces a harsh and inequitable result but he insists that the result is one which is mandated by the language of the statute. We do not feel compelled to adopt that construction. The first paragraph of section 249-aa can fairly be read to mean that an application for modification may be made within two years of the taxing order, if an error is discovered after the tax has been paid pursuant to the order or *after a prepaid tax has been retained pursuant to the order*. Indeed, this was the construction which the State Tax Commission's counsel himself adopted in an opinion issued by him on December 9, 1953 but he apparently decided, upon subsequent reflection, that the letter of the statute did not give him sufficient latitude to enable him to adopt that construction. We think that counsel was right in his earlier and more liberal reading of the statute.

The respondent also raises the point that, if a refund is now ordered upon the basis of the modification of the taxing order, there will be an overallowance of the 5% discount, since the discount was computed upon the tax fixed by the order of December 13, 1948. This can be readily adjusted in computing the net amount of the refund.

The order appealed from should be reversed on the law and the facts and an order should be entered directing the repayment of the amount of the refund found to be owing to the appellant, with $50 costs.

Settle order on notice.

Bergan, J. P., Coon, Zeller and Gibson, JJ., concur.

Order appealed from reversed, on the law and facts, and the respondent State Tax Commission directed to repay the amount of the refund found to be owing to the appellant, with $50 costs. Settle order.