■ In the Matter of THEODORE P. FEURY, as Executor of GEORGE H. CLARK, Deceased, Respondent, against NEW YORK STATE TAX COMMISSION, Appellant.— Appeal by the State Tax Commission from an order of the Supreme Court directing the commission to make a refund of a portion of an estate tax. Decedent died on September 20, 1955, and within six months thereafter his executor voluntarily paid an estimated estate tax of $1,800 to obtain the discount under section 249-z of the Tax Law. This payment in advance was not required, nor was it made pursuant to any Surrogate's order fixing the tax. Subsequently, on January 24, 1957, the Surrogate made an order fixing the tax at $877.89. Petitioner applied for a refund on April 3, 1958, more than a year after the order was entered. The application was denied on the ground that it was not timely made under the provisions of section 249-aa of the Tax Law. Petitioner then sought and obtained an order from the Surrogate amending the original taxing order by increasing the tax in the amount of $4.37. Then petitioner made a new application for a refund, which was also denied on the ground that the application was not filed within one year from the date of the original order. The court below has ordered the commission to make the refund upon the authority of *Matter of Kern* v. *State Tax Comm.* (2 A D 2d 281). The *Kern* case was decided upon almost the exactly opposite circumstances. There the amended order reduced the tax fixed by the original order, and the court only held that the reduction, which became subject to a claim for refund only by virtue of the amended order, was controlled by the first paragraph of section 249-aa, and the time began to run upon the entry of the amended order. When the court said (p. 285), " The second paragraph of the section has nothing to do with an application for modification of the taxing order and the seeking of a refund upon the basis of the modification " it made it perfectly clear that only a " refund upon the basis of the modification " was considered. There had been no opportunity to claim such a refund until the entry of the amended order. Here the opportunity had existed since the entry of the original order, and the time begins to run from that date. We deem it unnecessary to quote section 249-aa in full because is is not only available in the statute but is quoted in the *Kern* case and in the opinion of Mr.

Justice ELSWORTH (a case "reluctantly" decided the other way) in *Matter of Stannard* v. *Browne* (204 Misc. 33.) While it seems a harsh rule, probably imposed to lessen administrative difficulties, the second paragraph of section 249-aa is nothing more than a short one-year Statute of Limitations imposed by the Legislature and clearly applicable to the circumstances present here. Order reversed and the petition dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.