[635 NYS2d 809]

In the Matter of BRENDA MATHIS, as Executor of GLORIA A. MYERS, Deceased, Respondent-Appellant, v JAMES W. WETZLER, as Commissioner of the New York State Department of Taxation and Finance, et al., Appellants-Respondents.

Third Department, January 4, 1996

**APPEARANCES OF COUNSEL**

*Dennis C. Vacco, Attorney-General,* Albany *(Julie S. Mereson* of counsel), for appellants-respondents.

*Douglas Jesse Hunt, P. C.,* Stone Ridge, for respondent-appellant.

## OPINION OF THE COURT

CARDONA, P. J.

Petitioner commenced this proceeding to review a determination by the Department of Taxation and Finance (hereinafter Department) which denied her application for a refund of estate taxes upon the sole ground that the Statute of Limitations had run. The pertinent facts are as follows. Upon the death of Gloria A. Myers on March 7, 1988, petitioner was appointed executor of her estate. In August 1988, petitioner voluntarily made a prepayment of an estimated estate tax in the amount of $12,000. This advance payment was not made pursuant to any court order fixing the tax. Subsequently, by order dated January 31, 1989, Surrogate's Court fixed the estate tax at $11,965.08. On February 16, 1989, the Department issued a refund of $34.92.

Thereafter, in October 1993, petitioner sought an amended order to reduce the value of the estate after removing a profit-sharing trust from the estate. By a supplemental order dated November 10, 1993, Surrogate's Court granted petitioner's request and reduced the value of the estate, fixing the estate tax due on the revised estate at $8,235.50. Petitioner's request for a refund based on the supplemental order was denied by the Department on the ground that it was not timely received under Tax Law former § 249-aa.*

Petitioner commenced this proceeding seeking to annul the Department's determination. Finding petitioner's refund request to be timely, Supreme Court rendered judgment in petitioner's favor. The court, however, calculated the amount of interest only from the date of Surrogate's Court's supplemental order whereas petitioner had claimed that she was entitled to interest from the date that the Department had first received her estimated tax payment. These cross appeals ensued.

█ In our view, the Department's determination must be sustained. Petitioner contends that she is entitled to a refund on the basis of Tax Law former § 249-aa (2) regardless of the time limitations set forth in Tax Law former § 249-aa (1). Tax Law former § 249-aa (1) states in pertinent part that: "If after the payment of any tax in pursuance of an order fixing such

---

* Tax Law former § 249-aa was repealed effective May 25, 1990 (see, L 1990, ch 190, § 108). The statute, however, remains applicable with respect to taxes accrued prior to the repeal date (see, L 1990, ch 190, § 385 [i] [1]). Insofar as Myers died on March 7, 1988, the statute continues in force in this case.

tax * * * such order be modified * * * within two years from and after the date of entry of the order fixing the tax * * * [the executor is entitled to a refund] of such tax in excess of the amount of the tax fixed by the order modified * * *; but no application for such refund shall be made after one year from such * * * modification". In contrast, Tax Law former § 249-aa (2) relevantly provides that: "Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid * * * [a refund is due] provided application for such refund be filed with the [Department] within six years from the entry of such taxing order." According to respondents, because petitioner sought a refund based on a modified order, she was subject to the two- and one-year time limitations set forth in Tax Law former § 249-aa (1). Petitioner, however, claims that because she paid an estimated tax prior to *any* court orders, her tax payment fits within Tax Law former § 249-aa (2) and she, therefore, fell within its six-year limitations period. Respondents' interpretation of the statute, however, must be accepted.

In *Matter of Kern v State Tax Commn.* (2 AD2d 281), which also dealt with an estimated tax payment and a modification order, this Court specifically rejected the contention that Tax Law former § 249-aa (1) was applicable only where the tax was paid after entry of a taxing order and that cases of voluntary prepayment were governed only by Tax Law former § 249-aa (2) (*supra*, at 285-286). As the Court noted, to accept such an interpretation would leave those making voluntary prepayments without remedy if the original taxing order was later found to be erroneous (*supra*, at 286). Significantly, this Court held that the first subdivision applied where the "error is discovered after the tax has been paid pursuant to the order or *after a prepaid tax has been retained pursuant to the order"* (*supra*, at 286 [emphasis in original]). Similarly, in *Matter of Feury v New York State Tax Commn.* (11 AD2d 890), this Court, relying on *Matter of Kern*, again emphasized that Tax Law former § 249-aa (2) was not applicable to applications for modifications or refunds related to such modifications.

Nor, as respondents point out, is this result necessarily unfair. The second refund claim arises not out of a prepayment which was higher than the first order fixing the tax, but rather from a subsequent action that petitioner took to change the value of the estate. Therefore, Tax Law former § 249-aa (2), which speaks to an overpayment made because a prepayment

exceeded the amount fixed by the first order, does not apply. Here, it is the taxpayer who is seeking the correction of the first order. As respondents note, such a taxpayer is not in the same situation as one who claims a refund based on an original order, where nothing has changed and only the ministerial act of filing for the refund is required. Furthermore, in *Matter of Kern*, in determining that the application for modification must be made within two years of the date of the first order, this Court noted that, "otherwise, repeated motions for modification could be made * * * and the time for applying for refunds would, in effect, never end" (*Matter of Kern v State Tax Commn., supra*, at 284). There is a clear difference between a taxpayer seeking a modification of an original order and one who simply relies on the terms of the original order. Because petitioner now seeks a refund based on a modified order, she was within the time constraints set forth in Tax Law former § 249-aa (1). Thus, the Department properly refused her refund request as untimely.

■ In addition, we do not accept petitioner's contention that the differing time periods violate equal protection rights. The Federal and State Constitutions do not require treating all taxpayers in the same fashion (*see, Foss v City of Rochester*, 65 NY2d 247, 256). As long as a classification rationally furthers a legitimate State purpose it will be upheld (*see, Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915). This standard is particularly deferential in matters of taxation (*see, Nordlinger v Hahn*, 505 US 1, 11). In addition, statutes enjoy a presumption of constitutionality and the burden is on the party challenging a particular statute to show that the difference in treatment is " 'palpably arbitrary' " or constitutes " 'invidious discrimination' " (*Trump v Chu, supra*, at 25).

Keeping these principles in mind, we find that petitioner has failed to overcome her burden and that there are several rational policy reasons justifying the different treatment accorded taxpayers under Tax Law former § 249-aa (1) and (2). As respondents note, the two subdivisions of the statute apply to two discrete categories of taxpayersthose who seek a refund based on an amended or corrected order (Tax Law former § 249-aa [1]) and those who do not (Tax Law former § 249-aa [2]). Thus, contrary to petitioner's contention, the two groups are not identically situated. The longer time period under the second subdivision is rationally related to a legitimate State interest in that it encourages taxpayers to make a timely estimated payment. If that amount exceeds what is actually

due, the taxpayer is given six years to seek a refund. This also encourages taxpayers to be diligent in establishing the worth of an estate because if the original order must be modified, the limitations period will be decreased. As respondents point out, requiring that a request for modification be made within two years furthers the interests of finality, especially if a taxpayer expects the modification to generate a refund. If the modification is not sought within the two-year period, a refund is not permissible even if the first order is modified. This, too, prompts taxpayers to timely file for modifications.

In light of our conclusions, it is unnecessary to address the arguments concerning petitioner's cross appeal.

MERCURE, WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.